UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRK BRYAN WHYTE,

        Petitioner,

v.                                          Case Number: 09-CV-10814
                                            Honorable Denise Page Hood

KEN MCKEE,

        Respondent.
_____/

**OPINION AND ORDER**
**GRANTING RESPONDENT'S MOTION TO DISMISS THEREBY DISMISSING**
**PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Kirk Bryan Whyte, a Michigan state inmate, currently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 17, 2007, a Midland County, Michigan, Circuit Court jury convicted Petitioner of (1) assault with intent to do great bodily harm less than murder, MICH. COMP. LAWS § 750.84, and (2) two counts of resisting or obstructing a police officer, MICH. COMP. LAWS § 750.81d. In February 2007, he was sentenced, as a habitual offender, fourth, MICH. COMP. LAWS § 769.12, to (1) seven- to twenty-years imprisonment for the assault-with-intent-to-do-great-bodily-harm-less-than-murder conviction, and (2) two- to fifteen-years imprisonment for each of the two counts of resisting-a-police-officer convictions. In lieu of filing an answer to the petition, Respondent filed a motion to dismiss Petitioner's petition because the petition contains two unexhausted claims. For the reasons stated below, the Court will dismiss the petition without prejudice so that Petitioner may return to state court to exhaust those claims.

I.

Following Petitioner's sentencing, he filed an appeal of right with the Michigan Court of Appeals, raising the following claims:

> I. There is insufficient evidence to support a conviction on the charge of assault with intent to do great bodily harm less than murder.
>
> II. The prosecutor's unsubstantiated comments during closing argument created a miscarriage of justice on the [Petitioner].
>
> III. Whether [] [Petitioner] was denied effective assistance of counsel wherein defense counsel failed to object to obvious hearsay statements of witnesses for the prosecution identifying the alleged assailant, and not allowing [Petitioner] and his witnesses to testify in his defense.
>
> IV. Whether [] the trial court committed clear error by allowing hearsay testimonies of Deputy Teer, witness Millard and Dr. Adams into evidence wherein all testified to the victim's declaration in naming the assailant.

On May 15, 2008, the Michigan Court of Appeals affirmed Petitioner's convictions and sentences. *People v. Whyte*, No. 276488, 2008 WL 2066583 (Mich. Ct. App. May 15, 2008). Subsequently, Petitioner filed an application for leave to appeal with the Michigan Supreme Court, raising the same claims as raised in the Michigan Court of Appeals. On October 27, 2008, the Michigan Supreme Court denied leave to appeal because it was "not persuaded that the questions presented should be reviewed by this Court." *People v. Whyte*, 482 Mich. 1034, 757 N.W.2d 91 (Mich. 2008).

On March 4, 2009, Petitioner filed the pending petition for a writ of habeas corpus but did not attach a brief. From those attached pleadings, it appears that Petitioner is attempting to raise the same claims as raised in both state appellate courts in his habeas petition, in addition to the following:

> V. Conviction obtained by violation of the United States constitutional protected right against self-incrimination.
>
> VI. Both the district court and trial court judges abused their authority and scope of their office when they acted as lawyers during proceeding by eliciting testimony from witnesses.

In his motion to dismiss, Respondent argues that Petitioner's fifth and sixth claims for habeas-corpus relief are unexhausted. The Court agrees.

II.

A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal-habeas-corpus relief. *Welch v. Burke*, 49 F.Supp.2d 992, 998 (E.D. Mich. 1999). Therefore, a prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state-court remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160. Exhaustion requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one full round" of the state's appellate-review process. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). Federal-habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state-court adjudication of his claims resulted in a decision that was contrary to, or an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d).

Therefore, in this case, the state courts must first be given a fair opportunity to rule upon

Petitioner's habeas claims before he can present those claims to this Court. *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Otherwise, the Court cannot apply the 28 U.S.C. § 2254(d) standard.

The Sixth Circuit has identified four actions that a petitioner can take which are significant to the determination of whether he has properly asserted both the factual and legal bases for his or her claim, i.e., "fairly presented" that claim: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon states cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Whiting v. Burt*, 395 F.3d 602, 613 (6th Cir. 2005). General allegations of the denial of rights to a fair trial and due process do not fairly present claims that federal constitutional rights were violated. *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006)

A prisoner who has not yet exhausted his or her state court remedies may file a "'protective' petition in federal court and ask[ ] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 409, 416, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (citing *Rhines v. Weber*, 544 U.S. 269, 278, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending the resolution of state court post-conviction proceedings, provided there is "good cause" for failure to exhaust the claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

The exhaustion requirement may be excused where there is no opportunity to obtain relief in state court, or if the process to do so is so deficient as to render futile any effort to obtain

relief in state court. *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S. Ct. 18, 70 L. Ed. 2d 1 (1981). Thus, the Court must consider whether Petitioner has an avenue available for exhaustion of those unexhausted claims in state court.

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et. seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claim. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance so the state courts will have an opportunity to decide those issues.

Accordingly, the Court will dismiss the petition without prejudice for failure to exhaust state-court remedies. Petitioner may move to reopen this matter upon exhausting his state-court remedies. Petitioner does not have a statute of limitations issue.

III.

Accordingly,

**IT IS ORDERED** that Respondent's "Motion to Dismiss" is **GRANTED** [dkt. # 5] and the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** [dkt. # 1].

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED: June 22, 2009

I hereby certify that a copy of the foregoing document was served upon Kirk Whyte, Reg. No. 205630, Bellamy Creek Correctional Facility, 1727 W. Bluewater Hwy., Ionia, MI 48846 and counsel of record on June 22, 2009, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager